STATE OF NORTH CAROLINA v. CURTIS LEE DUNLAP.

(Filed 11 October, 1967.)

APPEAL by defendant from *Froneberger, J.,* January-February
1967 Criminal Session of MECKLENBURG Superior Court.

The defendant was charged in a bill of indictment with the rob-
bery of David Eller on 8 December 1966. The bill alleged that with
the threatened use of a pistol, the defendant robbed Eller of $25.00
in money. The defendant entered a plea of not guilty.

. Since the defendant made no motion for judgment as of nonsuit
and the evidence was amply sufficient to sustain the charge, it is
only briefly summarized.

David Eller testified that he was a cab driver and that about
11:30 in the evening he delivered a passenger on Badger Court;
that as he did so the defendant came to his cab and got in the
front seat, "[t]hen he turned around and stuck a gun on me." An-
other person joined Dunlap, and the two ordered Eller to drive.
When he stopped his cab at Horne Drive, Dunlap told Eller to give
him his money, and Eller then handed him $25.00 in cash. The de-
fendant and his companion then got out of the cab, and Eller im-
mediately reported the incident to the police.

Later Eller saw the defendant in a line-up at the Charlotte Po-
lice Department and identified him as the person who robbed him.
The State offered in evidence a photograph of the line-up which
was admitted for the purpose of illustrating the witness' testimony
and over the objection of the defendant.

The defendant offered no evidence.

The jury returned a verdict of guilty, and from a sentence of
imprisonment, the defendant appealed.

*Charles V. Bell, Attorney for defendant appellant.*
*T. W. Bruton, Attorney General; Harrison Lewis, Deputy At-
torney General; Eugene A. Smith, Trial Attorney, for the State.*

PLESS, J.   The defendant's only exception is to the admission of the defendant's photograph during a line-up, alleging this to be a violation of his constitutional right against self-incrimination.

The same question of law is presented and determined in the case of *State v. McKissick, ante,* 500, and it would serve no useful purpose to repeat the rulings therein made.

Upon the authority of that case, the defendant's exception is overruled.

No error.